**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ADAM SAAVEDRA, *et al.*,

    Plaintiffs,

v.   No. 24-cv-0406-MIS-KK

FNU WILKENS, *et al.*,

    Defendants.

**ORDER DISMISSING IMPROPERLY JOINED CLAIMS**

    This matter is before the Court on the Prisoner Civil Rights Complaint and supplemental filings in this case, which were submitted by four inmate-plaintiffs: Adam Saavedra; Quirino Villanueva; Chauncey Johnson; and Terrence Robins. *See* ECF Nos. 1, 2, 3. The pleadings purport to raise class action 42 U.S.C. § 1983 claims challenging the inmates' conditions of confinement. As a threshold issue, the Court must determine whether it is feasible or permissible for four inmate-plaintiffs to prosecute this case.

    Fed. R. Civ. P. 20 governs the joinder of multiple plaintiffs. The Court, in its discretion, may permit joinder where all claims arise from the same transaction/occurrence and share at least one question of law or fact. *See* Rule 20(a)(1); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (permissive joinder is a matter of discretion).

    Even where these requirements are met, the Court may disallow joinder based on the inherent impracticalities associated with *pro se* prisoner litigation. *See Bourn v. Geo Grp., Inc.*, Civil Action No. 11–cv–02628–BNB, 2012 WL 451286, at *2 (D. Colo. Feb. 13, 2012) ("Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ.

P. 20(a)(1)"); *Hollins v. KDOC Staff*, CASE NO. 24-3134-JWL, 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) ("In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)"); *Adams v. GEO Grp., Inc.*, 2021 WL 2407436, at *1 (W.D. Okla. Apr. 13, 2021) (same); *Bastian v. Jaramillo*, 2023 WL 4182806, at *2 (D.N.M. June 21, 2023) (same). If multiple plaintiffs proceed in one case, for example, "any pleading filed [would need to] bear [each of] their signatures pursuant to [Fed. R. Civ. P.] 11(a)." *Bastian*, 2023 WL 4182806, at *2. Prison transfers "could, at any time, restrict interpersonal communication between Plaintiffs," preventing "them from … conferring with one another, reviewing proposed pleadings [to comply with Rule 11], and … meet[ing] the court's deadlines." *Dill v. Thomas*, CIV-23-875-D, 2023 WL 8115921, at *1–2 (W.D. Okla. Oct. 31, 2023). *See also Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) ("If one inmate is moved during the course of the litigation, the court may find itself in the position of ordering prison officials to allow co-plaintiff inmates to correspond with each other, in derogation of a … legitimate prison policy.").

"A prisoner litigating jointly under Rule 20 [also] takes th[e] risks for *all* claims in the complaint, whether or not they concern him personally." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (emphasis in original). This means that if the inmate-plaintiffs are proceeding *in forma pauperis* – which is true in the vast majority of cases – they could all accrue strikes under 28 U.S.C. § 1915(g) if the complaint is dismissed for failure to state a cognizable claim. *Id.* (explaining the risk that one plaintiff would accrue a strike by signing another plaintiff's filing); 28 U.S.C. § 1915(g) (noting inmate-plaintiffs accrue a strike each time their case is dismissed for failure to state a cognizable claim and that they cannot proceed *in forma pauperis* after accruing

three strikes). Finally, "multiple-plaintiff prisoner litigation also raises concerns that *pro se* prisoner plaintiffs might be seeking to impermissibly provide legal assistance to each other in pursuing their claims." *Hunnicutt v. Smith*, Civ. No. 18-619 JCH/GBW, 2021 WL 3618315, at *20–21 (D.N.M. Aug. 16, 2021) (quotations omitted).

The filings here implicate a number of these concerns. The opening pleading lists all four inmate-plaintiffs, while another complaint was filed by Plaintiff Adam Saavedra. It is therefore not possible to discern the scope of the joined claims. At least two inmate-plaintiffs have severed contact with the Court. *See* https://www.cd.nm.gov/offender-search/ (last visited April 30, 2025). Moreover, the opening pleading indicates the inmate-plaintiffs wish to proceed as a class. *See* ECF No. 1. It is well settled that class representatives may not appear *pro se*. *See McGoldrick v. Werholtz*, 185 F. App'x 741, 744 (10th Cir. 2006) ("[B]ecause plaintiffs are *pro se*, the district court would have abused its discretion if it had certified a class action.") (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1769.1 at 450 & n.13 (3d ed. 2005) ("class representatives cannot appear *pro se*").

For these reasons, the Court finds joinder is impractical in this case. Courts take different approaches where, as here, inmate-plaintiffs are not permitted to proceed together under Rule 20. Some courts dismiss the entire case and require each plaintiff to file a new case. *See, e.g., Hollins,* 2024 WL 4836237, at *3 (noting the case featuring multiple inmate-plaintiffs "may not proceed as filed and is dismissed without prejudice"). If there is one primary filer among the inmate-plaintiffs, some courts permit that filer to proceed in the original action and dismiss the claims of the other-inmate plaintiffs without prejudice to refiling. *See, e.g., Gentry v. Lawton Corr. Facility*, No. CIV–14–310–W, 2014 WL 2712305, at *2 (W.D. Okla. May 13, 2014) (noting one plaintiff

3

"has been the dominate filer thus far" and that the other plaintiff should be "dismissed from the action and be instructed that if he wishes to pursue his claims, he must file an independent action").

The primary filer in this case, Adam Saavedra, is no longer incarcerated at the Guadalupe County Correctional Facility and has severed contact with the Court. Moreover, dismissing the claims and requiring each plaintiff to file separately would not cause prejudice. The claims arose in 2024 and are not time-barred. *See* ECF No. 1 (noting the date); *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years"). None of the inmate-plaintiffs have paid a fee in this case, as the Court deferred collecting any initial partial filing fees until after making a determination on the proposed class action joinder.

The Court will therefore dismiss this case, and each pleading herein, without prejudice. Each inmate-plaintiff may file a new case limited to their own claims, if they wish to continue litigating. If any inmate-plaintiff continues to file amended pleadings in this closed case, the Court may direct the Clerk's Office to open a new case for that individual. Finally, the Court will deny the pending Motion to Proceed *In Forma Pauperis* (ECF No. 3) as moot and without prejudice to refiling in the new case.

**IT IS ORDERED** that all claims in the above-captioned case are **DISMISSED without prejudice**; the pending Motion to Proceed *In Forma Pauperis* (**ECF No. 3**) is **DENIED as moot**; and the Court will enter a separate judgment closing the civil case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

4